IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN R. BUTCHER                                                                      PLAINTIFF

v.                                      Civil No. 1:23-CV-01077-SOH-BAB

SHERIFF LEROY MARTIN, *et. al.*                                          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 5).

Plaintiff filed his Complaint on July 28, 2023.  (ECF No. 1).  That same day, the Court entered an Order directing him to file an Amended Complaint by August 18, 2023.  (ECF No. 3). Plaintiff filed his Motion for Preliminary Injunction on July 31, 2023.  (ECF No. 5).  On August 2, 2023, Plaintiff filed a Notice of Address Change, indicating he had been transferred from the Columbia County Detention Center to the Arkansas Division of Correction.  (ECF No. 8).  Plaintiff filed a Motion for Extension of Time to file his Amended Complaint on August 28, 2023.  (ECF No. 12).  This Motion was granted on August 29, 2023.  (ECF No. 13).  Plaintiff filed his Amended Complaint on August 31, 2023.  (ECF No. 14).

Plaintiff's Amended Complaint is centered on his incarceration in the Columbia County Detention Center.  Plaintiff alleges that he was denied medication prescribed by his free-world physician.  (*Id*. at 6-7).  He also alleges various issues with the conditions of confinement at the

1

facility. (*Id*. at 9). Plaintiff's Motion for Preliminary Injunction asks the Court to order facility staff to immediately give him his prescribed medications. (ECF No. 5 at 24).

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

It is not necessary to address the preliminary injunction factors at this time, because Plaintiff's request for injunctive relief was mooted by his transfer from the Columbia County Detention Center to the Arkansas Division of Correction. *See Dulany v. Carnahan*, 132 F.3d 1234,

1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought against moots the request for injunctive relief). *See also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions moot once the inmate was transferred and no longer subject to those conditions).  Therefore, Plaintiff's request for injunctive relief is moot.

Accordingly, it is recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 5) be **DENIED** as **MOOT**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of October 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE