IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN R. BUTCHER                                                                               PLAINTIFF

v.                                    Civil No. 1:23-cv-01077-SOH-BAB

SHERIFF LEROY MARTIN, *et. al.*                                                    DEFENDANTS

**ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court are Plaintiff's three untimely filed discovery motions. (ECF Nos. 62, 63, 64).

Plaintiff filed his Original Complaint on July 28, 2023. (ECF No. 1). He filed his Amended Complaint on August 31, 2023. (ECF No. 14). Plaintiff's Amended Complaint is centered on his incarceration in the Columbia County Detention Center ("CCDC"). Plaintiff alleges that he was denied medication prescribed by his free-world physician. (*Id*. at 6-7). He also alleges various issues with the conditions of confinement at the facility. (*Id*. at 9). Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC").

The Initial Scheduling Order in this case was entered on December 13, 2023. (ECF No. 34). The discovery deadline was set for April 10, 2024. (*Id*.). Plaintiff filed his current three discovery motions on June 27, 2024. (ECF Nos. 62, 63, 64). All were submitted long past the deadline for discovery requests in this case and may be denied on this basis alone.

Additionally, in these motions Plaintiff requests discovery that was either already covered under a subpoena or that he is not entitled to receive under the Federal Rules of Civil Procedure. His first Motion is entitled "Second Motion to Compel Motion for Request for Discovery." (ECF

No. 62). In it, he requests a copy of Defendant Elkins' medical license, stating he requested it from the Arkansas State Medical Boards for physicians and nurses and was denied because he is an inmate. (*Id*. at 4, 8). He further states he asked for this discovery from Defendants repeatedly and was denied. (*Id*. at 5). Plaintiff argues he needs this evidence to show that Defendant Elkins was a registered nurse practitioner, not a doctor, and as such must work under the direct supervision of a doctor. (*Id*. at 7). Plaintiff attached copies of interrogatory responses which clearly identify Defendant Elkins' licensure as that of an Advanced Practice Registered Nurse or APN. Plaintiff does not need an actual physical copy of Defendant Elkins' APN license to support his point that Elkins is not a doctor. Plaintiff is not entitled to cumulative or duplicative information under Federal Rule of Procedure 26.

Plaintiff makes the same request for the medical license of Defendant Elkins in his third discovery motion, entitled "Motion to Compel Discovery and to Compel Subpoena for Copies of Medical License, Sanctions, against the following Doctor's as Evidence for the Arkansas State Medical Board and Nursing Board for Hearing." (ECF No. 64). Additionally, he seeks the medical licenses and evidence of sanctions against at least 8 other medical providers who are not named as Defendants in this case, and are not identified as practicing at either CCDC or ADC. Plaintiff does not state why he requests this evidence for this case, other than to state he wants to "show they are at least medical doctors." (*Id*. at 3). Plaintiff has not indicated how this information is relevant, and it does not appear that the majority of this information is in the possession, custody or control of the named Defendants. Plaintiff has not shown he is entitled to this discovery under Federal Rule of Procedure 26.

Plaintiff's second discovery motion is entitled "Motion to Compel Discovery and Compel Subpoena for Pictures of Plaintiff's Wounds from Surgery of his Spinal Cyst in EOMIS." (ECF

2

No. 63). Plaintiff was granted a subpoena for copies of his medical records at the ADC, where he was transferred after his incarceration in the CCDC, on April 26, 2024. (ECF No. 58). This subpoena requested all records for his medical care and treatment between September 2023 through November 2023. (*Id*.). These medical records were submitted to the Court on May 7, 2024, and the records were mailed to Plaintiff on May 8, 2024. (ECF No. 61). The Court notes that the ADC response contained 592 pages of information concerning Plaintiff's medical care. (ECF No. 61-1). Plaintiff now states that there should have been certain color photographs taken by medical staff on their phone and submitted into the ADC EOMIS medical system, but he has not received them. (ECF No. 63 at 3). He asks the Court to subpoena these color photographs. (*Id*.). The ADC has promptly responded to the Court's subpoena and provided a voluminous body of medical documentation concerning Plaintiff's medical care. If the photographs had been in the ADC system, they would have been provided. Plaintiff is not entitled to a second subpoena for records from the ADC.

      Accordingly, Plaintiff's three discovery Motions (ECF Nos. 62, 63, 64) are DENIED.

      IT IS SO ORDERED this 11th day of July 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE